15 F.3d 1092
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kraig KAVANAGH, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carl Vincent BERGEMAN, Defendant-Appellant.
 Nos. 93-50467, 93-50468.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 6, 1994.
Decided Jan. 10, 1994.
 
 1
 Before: GOODWIN and HALL, Circuit Judges, and TANNER, District Judge.**
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellants Kraig Kavanagh and Carl Vincent Bergeman appeal the denial of their motion to suppress evidence. We affirm.
 
 I. Probable Cause
 
 4
 Appellants argue that the search warrant executed by the Huntington Beach Police Department was constitutionally defective. Specifically, they claim that the affidavit submitted by the local police lacked sufficient evidence of probable cause to support the issuance of a warrant by the Central Orange County Municipal Court to search Bergeman's residence and a business jointly owned by Bergeman and Kavanagh.
 
 
 5
 We will not reverse a determination of probable cause unless it is clearly erroneous. United States v. Schmidt, 947 F.2d 362, 371 (9th Cir.1991). This standard of review is "less probing than de novo review and shows deference to the issuing magistrate's determination." United States v. Hernandez, 937 F.2d 1490, 1494 (9th Cir.1991). We need only find that, " 'under the totality of circumstances, the magistrate had a substantial basis for concluding that probable cause existed.' " United States v. Schmidt, 947 F.2d at 371 (quoting United States v. McQuisten, 795 F.2d 858, 861 (9th Cir.1986)).
 
 
 6
 As stated by the district court, the thorough and comprehensive nature of the 23-page affidavit accompanying the warrant speaks for itself. The police received several independent reports from confidential informants that Bergeman was involved in cocaine trafficking and used Ultra Limousine's vehicles to transport narcotics. In addition, police observed Bergeman associating with a suspected drug dealer, as well as engaging in evasive driving maneuvers to avoid surveillance. We hold that, considering the totality of the circumstances, there was a substantial basis for a finding of probable cause.
 
 II. IRS Participation in the Search
 
 7
 Appellants claim that the Internal Revenue Service improperly used the search of Bergeman's home and business for evidence of narcotics trafficking, conducted by the local police, as a subterfuge for its own investigation of the financial history of Ultra Limousine Corporation.
 
 
 8
 We have held that the purpose of the local police, and not the inducement by federal agents, is the relevant inquiry in deciding a claim that a search by local police officers was subterfuge for a federal search. United States v. Washington, 797 F.2d 1461, 1471 (9th Cir.1986). Here, the warrant authorized the local police to seize certain business and financial documents connected with their investigation, and IRS Agent Edward Zybul was asked to assist the local officers in the search because of his expertise. There is nothing in the record that indicates that the local police officers' search of Bergeman's residence and the business premises of Ultra Limousine was conducted in bad faith. The search was part of a valid narcotics investigation and was not meant to pave the way for the IRS to enter Bergeman's home or business to search for evidence of tax fraud. Id. at 1470.
 
 
 9
 Furthermore, the subsequent transfer of many of the documents seized to the IRS for the purposes of its investigation was a proper intergovernmental exchange of information that did not violate the Fourth Amendment. See United States v. Hearst, 563 F.2d 1331, 1347 (9th Cir.1977), cert. denied, 435 U.S. 1000 (1978).
 
 III. Plain View Doctrine
 
 10
 Appellants contend that the seizure of the contents of envelopes marked "personal" or "Kavanagh" failed to satisfy the requirements of the plain view doctrine. We have held that "evidence in plain view may be seized when the executing officers have probable cause to believe that a nexus existed between the viewed item and criminal activity." United States v. Washington, 797 F.2d 1461, 1469 (9th Cir.1986). The envelopes contained documents listing bank account numbers, which were within the scope of the warrant and potentially relevant to the narcotics investigation.
 
 
 11
 AFFIRMED.
 
 
 
 *
 Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3